[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2010
JOHN LEY
CLERK

No. 09-15939
Non-Argument Calendar
_____

D. C. Docket No. 08-02713-CV-1-ODE

WILLIE BRUCE BRYANT,

Plaintiff-Appellant,

versus

AVERITT EXPRESS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 21, 2010)

Before CARNES, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Willie Bruce Bryant appeals, pro se, the district court's grant of summary judgment on his retaliation claims under Title VII, 42 U.S.C. § 2000e-3(a). Bryant sued Averitt Express, Inc., his former employer, alleging that the company suspended and terminated him in retaliation for filing charges of race discrimination with the EEOC. The district court granted summary judgment for Averitt concluding that Bryant had failed to establish the causation element of a prima facie case of retaliation. The court also concluded that Averitt was entitled to summary judgment because the company's reasons for suspending and terminating Bryant—his citation for a DUI and use of abusive language towards management—were legitimate and unrebutted. This is his appeal.

I.

We review a district court's grant of summary judgment de novo and, "[i]n so doing, we . . . view all evidence and draw all reasonable inferences in favor of the non-moving party." Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1211 (11th Cir. 2010). A district court should grant summary judgment if "the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Title VII makes it unlawful for employers to retaliate against employees for

2

opposing unlawful employment practices, including racial discrimination. See 42 U.S.C. § 2000e-3(a). A plaintiff can establish a retaliation claim using either direct or circumstantial evidence. When a plaintiff relies on circumstantial evidence, we use the McDonnell Douglas analytical framework. See Bryant v. Jones, 575 F.3d 1281, 1307–08. "Under th[at] framework, a plaintiff alleging retaliation must first establish a prima facie case by showing that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) he established a causal link between the protected activity and the adverse action." Id.; see also Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1278 (11th Cir. 2008). Once a plaintiff establishes a prima facie case of retaliation, "the burden of production shifts to the defendant to rebut the presumption by articulating a legitimate non-discriminatory reason for the adverse employment action." Bryant, 575 F.3d at 1308. See also Tipton v. Canadian Imperial Bank of Commerce, 872 F.2d 1491, 1495 (11th Cir. 1989) (noting that "[t]he employer's burden of rebuttal is 'extremely light' "). If the employer carries its burden by articulating a legitimate non-discriminatory reason, then the burden shifts to the plaintiff to "prove by a preponderance of the evidence that the 'legitimate' reason is merely pretext for prohibited, retaliatory conduct." Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950 (11th Cir. 2000).

3

To establish pretext, a plaintiff must "present concrete evidence in the form of specific facts" showing that the defendant's proffered reason was pretextual. Bryant, 575 F.3d at 1308; see also Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 771 (11th Cir. 2005) (A plaintiff's evidence of pretext "must reveal such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence."). "If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1088 (11th Cir. 2004). Conclusory allegations and assertions are insufficient. See Bryant, 575 F.3d at 1308.

Bryant contends that the district court erred in granting summary judgment for Averitt because he established a prima facie case of retaliation and the company's proffered reasons for suspending and terminating him were pretextual. We disagree. Even assuming that Bryant established a prima facie case, summary judgment for Averitt was warranted because Bryant did not present sufficient evidence of pretext. The company explained that it suspended Bryant from his "combination position" because he received a DUI citation and later terminated him because he used abusive and profane language towards management in

4

violation of company policy.  Because Bryant did not present specific facts

establishing that those  justifications were unworthy of credence, we affirm.  <u>See</u>

<u>Wilson</u>, 376 F.3d at 1088.

AFFIRMED.